IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. NO.: 3:06cr191-MHT |
| ) | |
| SPRING M. DAWSON ) | |

**UNOPPOSED MOTION TO CONTINUE TRIAL**

NOW COMES the Defendant, Spring M. Dawson, by and through undersigned counsel, Jennifer A. Hart, and pursuant to 18 U.S.C. § 3161(h)(8), respectfully moves this Court to continue the trial of this action from the present trial date of February 5, 2007. In support of this Motion, defendant would show:

1. Undersigned counsel will be seeking Pretrial Diversion in this matter and is in the process of obtaining the necessary documents to request Pretrial Diversion on behalf of the Defendant.

2. The Defendant currently resides in Washington State but will be traveling to Alabama next week to meet with counsel and assistance with the preparation of the diversion request.

3. Counsel for the Government has no opposition to this requested continuance.

4. Requests for a continuance are addressed to the sound discretion of the trial court. United States v. Darby, 744 F.2d 1508, 1521 (11th Cir. 1984), reh. denied 749 F.2d 733, cert. denied 471 U.S. 1100 (1985). A continuance to consider pretrial diversion would serve the ends of justice. "The subject of pre-trial diversion is one of enormous importance in the administration of justice, both in avoiding needless clogging of the courts for the cases that really identify a social and medical

problem rather than a legal problem, and for the more effective protection of society through rehabilitation of the individuals involved in those cases." United States v. Moore, 486 F.2d 1139, 1193 (D.C. Cir. 1973).

     5.    Under the standard pretrial diversion agreement, the period between the dismissal of the original indictment pursuant to diversion and any reindictment brought in the event of a violation of the diversion agreement would not be counted against the time limits of the Speedy Trial Act. 18 U.S.C. § 3161(h)(6) states: "If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense, or any offense required to be joined with that offense, any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge [is excluded]." United States v. Hicks, 693 F.2d 32 (5th Cir. 1982).

     WHEREFORE, Defendant respectfully requests that this Motion be granted.

Respectfully submitted,

s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kent Brunson, Assistant U. S. Attorney.

    Respectfully submitted,

s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189
Respectfully submitted,